ECF DOCUMENT
I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the Northern District of California.
Date Filed: 10/9/08
RICHARD W. WIEKING, Clerk
By: GINA AGUSTINE, Deputy Clerk

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT PRALINSKY,<br><br>    Plaintiff,<br><br>v.<br><br>MUTUAL OF OMAHA INSURANCE and DOES 1-20, inclusive,<br><br>    Defendants. | No. C 08-03191 MHP<br><br>**MEMORANDUM & ORDER**<br><br>Re: Defendant's Motion to Transfer Action for Convenience |

    Plaintiff Scott Pralinsky ("plaintiff") filed this action against Mutual of Omaha Insurance Company and several unnamed defendants (collectively "defendant"), alleging various breaches of duty arising from defendant's cessation of payments to plaintiff under a disability insurance policy. Defendant brings a motion to transfer the action to the District of Nebraska pursuant to 28 U.S.C., section 1404(a). Having considered the parties' arguments and for the reasons stated below, the court enters the following memorandum and order.

BACKGROUND

    Plaintiff purchased an individual disability insurance policy from defendant in 2000. Complaint ¶ 1. At the time, plaintiff was a resident of the state of Washington. Tylkowski Dec. ¶ 6.[1] Defendant was and is a corporation headquartered in Nebraska. See id., Exh. 1. In October 2001, plaintiff became disabled by reason of medical illness and anxiety. Complaint ¶ 4. Defendant paid disability benefits to plaintiff under the policy from 2001 through August 21, 2007, at which

time defendant terminated the benefits, stating that plaintiff was no longer eligible for them. See id. ¶ 5. This decision to terminate was based, at least in part, on a medical examination, ordered by defendant, by Dr. Harvey A. Lerchin, who maintains an office in San Francisco, California. Padway Dec. ¶ 3. Plaintiff's causes of action arise from defendant's August 2007 decision to terminate the benefits plaintiff was receiving under his disability insurance policy. See Complaint ¶¶ 9, 12, 18 & 22.

At some point between 2001 and 2004, plaintiff lived or sojourned in southern California, where he was treated by several physicians. See Padway Dec. ¶ 4. In 2004, plaintiff moved to Costa Rica, where he now lives. See Tylkowski Dec. ¶ 7-8, 12.[2] Plaintiff has been under treatment by a physician in Costa Rica. Id., Exh. 5. Plaintiff has not alleged that he has ever lived in the Northern District of California or that the insurance contract at issue was made in the Northern District.

LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A motion to transfer venue lies within the broad discretion of the district court, and must be determined on an individualized basis. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir.), citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). The burden of showing that transfer is appropriate is on the moving party. The Carolina Casualty Co. v. Data Broad. Corp., 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001) (Walker, J.).

District courts use a two-step analysis to determine whether a transfer is proper. The threshold question under section 1404(a) requires the court to determine whether the case could have been brought in the forum to which the transfer is sought. 28 U.S.C. § 1404(a); Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985). If venue would be appropriate in the would-be transferee court, then the court must make an "individualized, case-by-case consideration of convenience and fairness." Jones at 498. Among the factors that a district court may consider in

deciding whether a transfer is in the interest of justice are: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) any forum selection clause; and (10) relevant public policy of the forum state. Jones at 498-99, citing Stewart at 29-31.

DISCUSSION

Plaintiff concedes that this action could have been brought in the District of Nebraska. Since venue would be appropriate in that district, the court must decide whether the requested transfer would enhance convenience and fairness to the parties.

Plaintiff does not deny that he has resided in Costa Rica since 2004. Aside from his attorney's unsubstantiated opinion that "there are more flights" to San Francisco than to Omaha, Opp. at 5, plaintiff has not shown that it would be significantly less convenient for him to travel to Nebraska than to northern California. He argues that California witnesses, including Harvey A. Lerchin and plaintiff's treating physicians from years past, would "predominate" in this case. However, plaintiff does not dispute defendant's contention that at least five current and former Mutual of Omaha employees who are located in Nebraska are likely to testify in this case. Nor does plaintiff contest the importance of the testimony of numerous witnesses who live in Costa Rica, including plaintiff's current treating physician, wife, and other acquaintances able to testify to his current condition. Plaintiff merely raises the possibility that the testimony of doctors who treated him while he lived in California might be relevant to a comparison of his current condition to his condition in previous years. While such comparison is not wholly irrelevant on its face, it is unlikely that any court would allow the unnecessarily cumulative testimony of a parade of doctors seen in 2004 and earlier, in a case concerning a party's medical condition in 2007-2008. Moreover, these doctors reside in and near Riverside, which is located in the Central District of California, not

3

the Northern District.[3] Plainly, the Nebraska forum is substantially more convenient for the party and witnesses located in Nebraska, whereas it is only slightly less convenient, if at all, for the party and witnesses located in Costa Rica and California. The person for whom the northern California forum is particularly convenient is the plaintiff's current attorney, but convenience of counsel is not considered in ruling on a section 1404(a) transfer motion. See, e.g., In re Horseshoe Entertainment, 337 F.3d 429, 434 (5th Cir. 2003) (holding location of counsel to be "irrelevant and improper for consideration in determining the question of transfer of venue").

Having found that the interests of convenience weigh in favor of transfer, the court turns to the interests of justice. Defendant argues that the Jones factors clearly weigh in favor of a transfer to Nebraska.

First, defendant notes that the relevant agreement, the insurance policy, was neither negotiated nor executed in the Northern District of California. Plaintiff lived in Washington at the time he executed the insurance policy at issue. Plaintiff does not deny this in his opposition brief. Since the policy was issued in Nebraska and delivered to Washington, this factor weighs in favor of venue in Washington or Nebraska, not the Northern District of California.

The second factor is familiarity with the governing law. Plaintiff alleges that Nebraska law has "two features" that would make it difficult for Nebraska judges to try this case: Nebraska's prohibition on punitive damages and that state's narrower standard for "bad faith." There are two problems with this argument. First, this court is quite confident that the District of Nebraska is just as capable as the Northern District of California in applying the legal standards applicable in this case. Second, while it is likely that the District of Nebraska will be called upon to apply unfamiliar law, it is *certain* that this court would be called upon to do so. A federal court exercising diversity jurisdiction applies the choice of law rules of the forum state. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487 (1941). But where a case is transferred pursuant to section 1404(a), the choice of law rules of the state from which the case was transferred apply. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 244 n.8 (1981). In this case, California's choice of law rules will apply to determine the governing substantive law, regardless of whether the case is transferred. Under California's choice

4

of law rules, a contract is "to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made." Cal. Civ. Code § 1646. Whichever court hears this action will apply the law of either Costa Rica (the place where the contract is to be performed) or possibly Nebraska or Washington, depending upon where the contract was "made." Thus, there is some chance that the District of Nebraska will apply Nebraska substantive law, whereas there is no chance that this court would apply California substantive law. This factor also weighs in favor of transfer.

The third factor is the plaintiff's choice of forum. Although such choice is generally accorded substantial weight in ruling on a motion to transfer venue for convenience, it is given much less weight when the plaintiff commences an action in a forum in which he does not reside. See New Image, Inc. v. Travelers Indem. Co., 536 F.Supp. 58, 59 (E.D. Pa. 1981) (granting a change of venue where the plaintiff's chosen forum was not the plaintiff's place of residence). Plaintiff is not a resident of northern California but of Costa Rica. In such a circumstance, plaintiff's choice of forum is accorded little deference. This factor weighs only slightly in favor of venue in the Northern District of California.

The fourth and fifth Jones factors are the parties' respective contacts with the chosen forum and the contacts relating to the plaintiff's cause of action in the chosen forum. Defendant does business in this district and across the country. Plaintiff has no discernable contact with this district, the residence of his attorney notwithstanding. The case involves a contract between a Costa Rica resident and a Nebraska company executed when plaintiff was a resident of Washington. During an intervening period, plaintiff lived in southern California, but there has been no allegation that he has ever lived in the Northern District of California. In short, neither the parties nor the activities from which this action arises have any relevant connection with the Northern District. These factors weigh in favor of transfer.

For the same reasons that the considerations of convenience weigh in favor of venue in Nebraska, so too do considerations pertaining to the costs of litigation. There has been no showing that it would be significantly more costly to plaintiff to prosecute this action in Nebraska than in

5

northern California. On the other hand, transfer can be expected to significantly decrease the costs of litigation to defendant. This factor also weighs in favor of transfer.

The factors relating to availability of compulsory process and ease of access to proof also do not favor plaintiff. The Northern District of California is no more able to compel the appearance of the Costa Rican witnesses than is the District of Nebraska. See Fed. R. Civ. P. 45(c)(3)(A)(ii). As to ease of access to proof, there can be little question that relevant evidence, e.g., defendant's records of decisions regarding plaintiff's policy, is more readily available in Nebraska than in northern California.

Finally, plaintiff has pointed to no forum selection clause and to no relevant public policy of the forum state that would weigh against transfer. To the extent that plaintiff relies upon any policy rationale to defeat transfer, his arguments hinge upon the notion that the District of Nebraska would somehow be unable to provide him with a fair trial. Plaintiff suggests that jury selection will be more difficult in the District of Omaha, because "Mutual of Omaha [d]ominates the City of Omaha." Opp. at 3. Plaintiff also suggests that venue in Nebraska would give defendant a "home field advantage." Id. at 1. Such contentions are without merit. The federal courts in Nebraska are as capable as any other federal court in administering impartial justice.

CONCLUSION

For the foregoing reasons, defendant's motion to transfer this action to the District of Nebraska is GRANTED. The Clerk of Court shall transfer the file forthwith to the Clerk of the United States District Court for the District of Nevada.

IT IS SO ORDERED.

Dated: October 9, 2008

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

## ENDNOTES

1. The complaint alleges that plaintiff purchased the policy while a resident of California. Complaint ¶ 1. The declaration in support of defendant's motion presents evidence showing that plaintiff was in fact a resident of Washington at that time. See Tylkowski Dec. ¶ 6. Plaintiff does not attempt to contradict this evidence in his opposition.

2. In the opposition brief, plaintiff's counsel struggles to remember precisely where his client lives. Counsel sometimes refers to "Puerto Rico" instead of Costa Rica. See Opp. at 1, 4 & 5. Defendant's exhibits clarify the issue, showing that Mr. Pralinsky lives in Costa Rica, not Puerto Rico.

3. The court takes judicial notice of the fact that Rancho Mirage, Riverside, San Bernardino, Palm Springs, and Indian Wells (the locations of physicians cited by plaintiff, see Padway Dec. ¶ 4) are not located in the Northern District of California. See Fed. R. Evid. 201.