IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
SCOTT PRALINSKY,              )
                              )
            Plaintiff,        )      8:09CV8
                              )
      v.                      )
                              )
MUTUAL OF OMAHA INSURANCE     )      ORDER
COMPANY,                      )
                              )
            Defendant.        )
_____)
```

This matter is before the Court on plaintiff Scott Pralinsky's motion to compel deposition of Dr. Steven Wilson[1] (Filing No. 67), and Mutual of Omaha's ("Mutual") motion for protective order (Filing No. 69), which seeks to prohibit Pralinsky from deposing Dr. Wilson until after Dr. Wilson completes and delivers his Rule 35 examination report.[2] Also before the Court is Pralinsky's brief in opposition to Mutual's motion to extend expert disclosure and discovery deadlines (Filing No. 66), which the Court previously granted (*See* Filing No. 62).[3]

---

[1] On November 17, 2009, Dr. Wilson conducted a psychiatric evaluation of Pralinsky pursuant to Fed. R. Civ. P. 35.

[2] Dr. Wilson has estimated he will complete his Rule 35 examination report by "mid-December" (Mutual's Brief Opposing Motion to Compel, Filing No. 70, at 2).

[3] The Court treats Pralinsky's opposition brief as a motion to reconsider.

## I.  EXTENSION OF DEADLINES

The Court has reviewed Pralinsky's opposing brief to Mutual's motion to extend expert disclosure and discovery deadlines.  The Court finds Mutual has shown good cause for modifying these deadlines.  Accordingly, the Court will not modify its previous order (Filing No. 62) extending the expert disclosure and discovery deadlines.

## II.  MOTION TO COMPEL

Pralinsky moves the Court (1) to produce all notes and writings Dr. Wilson prepared in connection with Pralinsky, (2) to ensure Dr. Wilson preserves all notes, drafts, and versions of writings and recorded oral communications concerning Pralinsky, and (3) to compel Dr. Wilson to undergo a video deposition on December 11, 2009, which presumably would occur prior to Dr. Wilson completing his Rule 35 examination report in mid-December. Pralinsky argues a pre-report deposition is necessary because Dr. Wilson's notes and memory are the sole records of his examination of Pralinsky, Dr. Wilson's memory of the examination may fade and he is susceptible to outside influences that could affect his memory, and experts frequently fail to preserve drafts of reports and their contemporaneous notes from an examination.

Mutual opposes the motion to compel and argues a pre-report deposition of Dr. Wilson is premature because Dr. Wilson will not have finalized his conclusions from his examination of Pralinsky until Dr. Wilson has submitted his Rule 35 expert

report.[4]  In addition, Mutual cites Fed. R. Civ. P. 26(b)(4), which provides in pertinent part: "If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided."  Fed. R. Civ. P. 26(b)(4)(A).

Rule 26(b)(4) clearly proscribes deposing an expert witness prior to the expert's report being disclosed.  Since Dr. Wilson presumably will not have completed his expert report by December 11, the Court will deny Pralinsky's motion seeking to compel a deposition of Dr. Wilson on or before that date.  The Court, however, will grant Pralinsky's motion to the extent it seeks to have Dr. Wilson preserve and produce all notes, writings, and recorded oral communications.  Dr. Wilson will disclose these records to Pralinsky contemporaneous with his Rule 35 examination report.

### III.   PROTECTIVE ORDER

Because the Court is denying Pralinsky's motion to compel to the extent it seeks to require a deposition of Dr. Wilson on or before December 11, 2009, Mutual's motion for a protective order will be denied as moot.

IT IS ORDERED:

1.   The Court will not modify its order (Filing No. 62) extending the expert disclosure and discovery deadlines;

---

[4] Mutual recognizes Pralinsky may depose Dr. Wilson after Dr. Wilson submits his Rule 35 examination report.

-4-

      2)   Pralinsky's motion to compel is denied in part and granted in part:

          a.   Dr. Wilson will not be deposed until after he has disclosed his Rule 35 examination report;

          b.   Dr. Wilson will preserve all notes, writings, and recorded oral communication he has created in connection with his examination of Pralinsky; and

          c.   Contemporaneous to disclosing his Rule 35 examination report, Dr. Wilson will also disclose all notes, writings, and recorded oral communications he has created in connection with his examination of Pralinsky; and

      3)   Mutual's motion for a protective order is denied as moot.

DATED this 4th day of December, 2009.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court